**CARNEY BATES & PULLIAM, PLLC**
Hank Bates (SBN 167688)
hbates@cbplaw.com
Randall K. Pulliam (*pro hac vice*)
rpulliam@cbplaw.com
Lee Lowther (*pro hac vice*)
llowther@cbplaw.com
Courtney Ross Brown (*pro hac vice*)
cbrown@cbplaw.com
One Allied Drive, Suite 1400
Little Rock, AR 72202
Telephone:  (501) 312-8500

**JACOBSON PHILLIPS PLLC**
Joshua R. Jacobson (*pro hac vice*)
joshua@jacobsonphillips.com
2277 Lee Road, Suite B
Winter Park, FL 32789
Telephone: (321) 447-6461

**WADE KILPELA SLADE LLP**
Gillian L. Wade (SBN 229124)
gwade@waykayslay.com
Sara D. Avila (SBN 263213)
sara@waykayslay.com
Collins Kilgore (SBN 295084)
ckilgore@waykayslay.com
2450 Colorado Ave., Ste. 100E
Santa Monica, California 90404
Telephone: (310) 396-9600

*Attorneys for Plaintiffs Michael Russell, Joseph Preston, James Tosches, and the Proposed Classes*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RUSSELL, JOSEPH PRESTON, and JAMES TOSCHES, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>DAVE, INC. and EVOLVE BANK & TRUST,<br><br>Defendants. | Case No.: 2:25–cv–04029–MRA–MBK<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Date: August 18, 2025<br>Time: 1:30 p.m.<br>Dept.: 9B<br>Judge: Hon. Mónica Ramírez Almadani<br>Magistrate Judge: Michael B. Kaufman |

## I. INTRODUCTION

By its Motion to Stay Discovery (ECF No. 39) (the "Motion"), Defendants Dave, Inc. and Evolve Bank & Trust ("Defendants") ask this Court to halt all discovery based solely on their intent to file a Motion to Compel Arbitration, or in the Alternative Dismiss. Defendants' request should be denied because they have failed to carry their burden. Plaintiffs and a putative Class of active-duty service members and their dependents are suffering continuing harm from Defendants' triple-digit finance charges. Delaying these proceedings would only prolong that harm and undermine the objectives of the Military Lending Act ("MLA"), the Truth in Lending Act ("TILA"), and the Georgia Payday Lending Act ("PLA"). Accordingly, this Court should deny Defendants' Motion.

The MLA provides essential protection to our nation's service members from predatory lending practices and further prohibits companies, such as Defendants, from cutting off service members' access to courts by enforcing arbitration clauses and class action bans. Ignoring the MLA's purpose of preserving a service member's right to full legal recourse, Defendants enlist this Court to impose a blanket stay of discovery pending their intention to try to compel arbitration. Defendants' argument rings hollow as the MLA renders any arbitration agreement unenforceable as to Plaintiffs. In these circumstances, there is no realistic likelihood that a stay of discovery is either warranted or would conserve judicial or party resources. Simply citing the possibility of a dispositive motion, whether in the form of a motion to compel arbitration or a motion to dismiss, is insufficient.

Further, Defendants present this Court with no reason to stay discovery, other than Defendants' own desire to impede this case's progress and avoid the routine costs and efforts of litigation. But Defendants' generalized complaints about the costs that all defendants encounter during litigation is no basis for a stay. Rather, Defendants must make a showing of undue burden. They have failed to do so here.

OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY - Case No.: 2:25–cv–04029–MRA–MBK

In sum, Defendants have not satisfied their burden. The MLA renders arbitration clauses unenforceable, and courts in the Ninth Circuit routinely allow discovery to proceed while motions to dismiss are pending. Defendants have not shown any "undue burden" justifying the relief they now seek. By contrast, Plaintiffs and the putative Classes face the risk of prolonged delay and continued harm from the very predatory practices the MLA, the TILA, and the PLA are designed to prevent if the requested stay is granted. Accordingly, Defendants' Motion should be denied.

## II.    APPLICABLE LEGAL STANDARDS

"It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Cain v. JPay, Inc.*, No. 221CV07401FLAAGRX, 2022 WL 1840342, at *1 (C.D. Cal. Apr. 4, 2022) (quoting *Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013)). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. . . . Indeed, district courts look unfavorably upon such blanket stays of discovery." *Id.* (quoting *Mlejnecky v. Olympus Imaging Am., Inc.*, 10-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)).

When analyzing whether a movant has satisfied its burden, courts in the Ninth Circuit typically apply the following two-part test: (1) "the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed" and (2) "the pending, potentially dispositive motion can be decided absent additional discovery." *Chan v. Panera, LLC*, No. 2:23-CV-04194-JLS-AJR, 2024 WL 4328827, at *4 (C.D. Cal. Aug. 16, 2024) (citing *Mlejneck.*, 2011 WL 489743, at *6). "Discovery should proceed if either prong of the test is not met." *Id*. As the court in *Chan* describes, district courts in the Ninth Circuit vary in their approach to analyzing the first prong, with the "more lenient" standard being to take "a preliminary peek at the merits of the allegedly dispositive

motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.* at *4, *8 (quoting *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000)). Under even the most lenient standard available, Defendants fail to carry their burden of proving an "immediate and clear possibility" of success on their forthcoming Motion given that, as described *infra*, the MLA prohibits Defendants from enforcing arbitration clauses against active-duty service member borrowers like Plaintiffs.

Further, even if Defendants satisfy the two-part test, the court should then "balance the harm of staying discovery with the benefit of allowing discovery to continue." *Chan*, 2024 WL 4328827, at *8 (quoting *GTE Wireless, Inc.*, 192 F.R.D. at 289).

## III. DEFENDANTS HAVE FAILED TO DEMONSTRATE A NEED FOR A STAY OF DISCOVERY

Under either prong of the two-part test for a motion to stay discovery, Defendants fail to carry their "heavy burden" of showing why discovery should not proceed.

### A. Defendants' Reliance on a Clearly Unenforceable Arbitration Provision Does Not Satisfy Their Burden.

The MLA plainly and unequivocally "renders all arbitration agreements unenforceable as against military borrowers." *Consumer Fin. Prot. Bureau v. MoneyLion Techs. Inc.*, No. 22 CIV. 8308 (JPC), 2025 WL 893684, at *24 (S.D.N.Y. Mar. 24, 2025); *Steines v. Westgate Palace, L.L.C.*, 113 F.4th 1335, 1344 (11th Cir. 2024) ("The district court properly concluded that the MLA overrode the FAA for all disputes, including those involving the arbitrability question itself. Because the FAA has been unmistakably overridden, both the delegation clause and the underlying arbitration agreement at issue in this case are unenforceable."). Stated another way, Defendants' forthcoming Motion to Compel Arbitration, or in the Alternative Dismiss is based on a clearly unenforceable arbitration provision

against Plaintiffs, active-duty service members, and the putative Class of service members and their dependents. As such, Defendants' suggestion that their forthcoming motion will be "potentially dispositive" falls short. *See* ECF No. 39-1 at p. 2.[1] Rather, the "MLA acts as a legal constraint[ ] external to the parties' agreement that forecloses enforcement of arbitration." *Steines,* 113 F.4th at 1343 (internal quotation marks omitted). In these circumstances, "the district court has no power to stay the litigation and compel arbitration. . . ." *Id.*

---

[1] The cases relied upon by Defendants are clearly distinguishable as none of them involved the MLA and its ban on forced arbitration. *See Mason v. Spring EQ LLC*, No. 5:24-CV-1833-MWC (AGRX), 2024 WL 5424385, at *1 (C.D. Cal. Nov. 27, 2024) (case concerning alleged violations of the Telephone Consumer Protection Act ("TCPA")); *Bride v. Snap Inc.*, No. 2:21-CV-06680-FWS-MRW, 2025 WL 1711395, at *2 (C.D. Cal. May 13, 2025) (case bringing claims for (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) unjust enrichment; (4) violation of the Oregon Unlawful Trade Practices Act; (5) violation of the Colorado Consumer Protection Act; (6) violation of the Pennsylvania Unfair Trade Practices Law; (7) violation of the Minnesota False Statement in Advertising Act; and (8) violation of California's Unfair Competition Law ("UCL")); *Ferrell v. AppFolio, Inc.*, No. 823CV01353JWHDFM, 2024 WL 158103, at *1 (C.D. Cal. Jan. 11, 2024) (case involving alleged violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA")); *Garcia v. Experian Info. Solutions, Inc.*, No. 23-cv-04672- BLF, 2024 WL 1117912, at *1 (N.D. Cal. Mar. 13, 2024) (another case involving alleged violations of the FCRA and the CCRAA); *Mwithiga v. Uber Techs.*, Inc., 376 F. Supp. 3d 1052, 1057 (D. Nev. 2019) (case bringing claims for (1) detrimental reliance, (2) breach of contract, (3) fraudulent inducement, (4) economic duress, (5) violation of federal minimum wage law, (6) willful violation of the federal Occupational Safety and Health Act, (7) wrongful termination, (8) fraud, and (9) embezzlement); *Arias v. Life Time, Inc.*, No. 2:25-CV-00299-GMN-BNW, 2025 WL 1640796, at *1 (D. Nev. Apr. 30, 2025) (case involving claims for (1) Intentional Infliction of Emotional Distress, (2) Negligent Infliction of Emotional Distress, (3) Breach of Contract, (4) Breach of the Implied Covenant of Good Faith and Fair Dealing, (5) Violation of 42 U.S.C. § 1981, and (6) Negligent Training/Supervision); *Ha Nguyen v. BMW of N. Am., LLC*, No. 320CV02432JLSBLM, 2021 WL 2411417, at *1 (S.D. Cal. June 14, 2021) (case bringing claims under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") and California Business and Professions Code § 17200).

4

In sum, Defendants' reliance on a clearly unenforceable arbitration provision does not satisfy its burden.[2]

### B. The Mere Filing of a Motion to Compel Arbitration or in the Alternative Dismiss Does Not Warrant a Stay of These Proceedings, and Defendants Have Failed to Demonstrate a Clear Possibility That Their Forthcoming Motion Will Be Granted.

According to Defendants, courts in this district "routinely" grant stays of discovery upon the filing of a potentially dispositive motion. *See* ECF No. 39-1 at p. 2. Defendant's contention misstates the law. "Defendants routinely respond to discovery prior to disposition of a motion to dismiss." *Sonneveldt v. Mazda Motor of Am., Inc.*, No. 819CV01298JLSKES, 2021 WL 4814990, at *2 (C.D. Cal. May 4, 2021). "Further, to the extent that Plaintiffs' discovery requests are unduly burdensome or overbroad, they can be narrowed through the meet and confer process." *Id.* Rather, to be entitled to a stay, Defendants must demonstrate good cause for delaying the case. *See* Fed. R. Civ. P. 26(c). Merely filing a motion to compel arbitration or dismiss does not suffice. *See Sonneveldt*, 2021 WL 4814990, at *1 ("The Federal Rules of Civil Procedure do[ ] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery." (quoting *Mlejnecky*, 2011 WL 489743, at *6). Thus, Defendants' contention that a stay is warranted merely because Defendants intend to file a motion to dismiss (*see* ECF No. 39-1 at p. 3), does not carry the day. *See Syngenta Seeds, Inc. v. BTA Branded,*

---

[2] For these same reasons, Defendants' hypothetical argument that moving forward with discovery is unwarranted here because the scope of discovery could potentially be "narrower" in an arbitral forum likewise fails. *See also Nylnn Miles v. Greystar Mgmt. Serv., LP, et al.,* No. 2:25-CV-00262-APG-EJY, 2025 WL 2021337, at *4 (D. Nev. July 17, 2025) ("Because Plaintiff's "claims are likely to survive whether in arbitration or before this Court. . . ., a stay of discovery as to these claims will not, no matter where the claims are litigated, lead to a more prompt resolution of the disputes.").

OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY - Case No.: 2:25–cv–04029–MRA–MBK

*Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007) ("Permitting a stay of discovery simply upon the filing of such a motion would allow the exception to swallow the rule."). As explained in *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990):

> Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. Under Rule 33, for instance, interrogatories may be served at the same time as the summons and complaint. Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.

Rather, under the most lenient standard applied by courts in the Ninth Circuit, Defendant must demonstrate an "immediate and clear possibility" exists that the dispositive motion will be granted. *See Chan*, 2024 WL 4328827, at *8. Defendants do not even attempt to make such a showing. Moreover, for all the reasons stated above about the inapplicability of arbitration to this case, there is no "immediate and clear possibility" that Defendants' motion will succeed.

### C. Plaintiffs Would Be Unduly Prejudiced If the Requested Stay Is Granted.

Plaintiffs and putative class members suffer ongoing monetary harm each time Defendants lend money with triple- and quadruple-digit finance charges. *See* ECF No. 33 at ¶¶ 4, 186–189. Thus, they are suffering very real and ongoing harm; harm that will continue unless and until the requested injunctive relief sought in this case is granted. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (finding the AG sought injunctive relief against ongoing and future harm, which raised more than "'a fair possibility that the stay … will work damage to someone else,'" and "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'" (citing *Landis v. North American Co.*, 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936))).

OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY - Case No.: 2:25–cv–04029–MRA–MBK

In contrast, the premise of Defendants' burden argument is that responding to discovery might be costly. However, Defendants provide no concrete evidence that responding to Plaintiffs' discovery would burden it, (*see* ECF No. 39-1), and despite providing a supporting declaration to which Plaintiffs' discovery is attached, Defendants do not attempt to quantify their claimed burden, (*see* ECF No. 39-2). As such, Defendants' argument is fatally flawed:

> The critical flaw in the State Defendants' position is that the governing rules do not envision issuance of a protective order to avoid the burden or expense of discovery; protective orders issue to avoid *undue* burden or expense. Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ..."). "[P]rotection from discovery does not flow from a finding of cost or inconvenience, which is inherent in all discovery, but from a finding that the cost or inconvenience is *undue* when weighed against the likely benefit of the discovery."

*Flynn v. Nevada*, 345 F.R.D. 338, 347 (D. Nev. 2024); *Las Vegas Sun, Inc. v. Adelson*, No. 2:19-CV-01667-RFB-BNW, 2020 WL 2114352, at *10 (D. Nev. May 4, 2020) ("[T]he fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery."). Thus, Defendants' speculative assertions about discovery costs, without more, do not constitute good cause for a stay, especially considering Defendants' ongoing, continuing conduct and the additional risk that evidence will dissipate.

## IV.    CONCLUSION

Defendants have failed to carry their "heavy burden" of demonstrating good cause for a stay. Accordingly, discovery should proceed in the ordinary course. Consequently, Plaintiff respectfully requests the Court deny Defendants' Motion so that discovery may proceed in the ordinary course.

OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY - Case No.: 2:25–cv–04029–MRA–MBK

Dated:  July 28, 2025

Respectfully submitted,

*/s/ Lee Lowther*

Hank Bates (SBN 167688)
hbates@cbplaw.com
Randall K. Pulliam (*pro hac vice*)
rpulliam@cbplaw.com
Lee Lowther (*pro hac vice*)
llowther@cbplaw.com
Courtney Ross Brown (*pro hac vice*)
cbrown@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
One Allied Drive, Suite 1400
Little Rock, AR 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

Gillian L. Wade (SBN 229124)
gwade@waykayslay.com
Sara D. Avila (SBN 263213)
sara@waykayslay.com
Collins Kilgore (SBN 295084)
ckilgore@waykayslay.com
**WADE KILPELA SLADE, LLC**
2450 Colorado Avenue, Ste. 100E
Santa Monica, California 90404
Telephone: (310) 667-7273
Facsimile: (424) 276-0473

Joshua Jacobson (*pro hac vice*)
joshua@jacobsonphillips.com
**JACOBSON PHILLIPS, PLLC**
2277 Lee Road, Suite B
Winter Park, FL 32789
Telephone: (321) 447-6461

*Attorneys for Plaintiffs Michael Russell, Joseph Preston, James Tosches and the Proposed Classes*

8

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiffs Michael Russell, Joseph Preston, James Tosches and the Proposed Classes, certifies that this brief contains 2,390 words, which complies with the word limit of L.R. 11-6.1.

Dated:  July 28, 2025                                    */s/ Lee Lowther*
                                                           Lee Lowther

---

9

OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY - Case No.: 2:25–cv–04029–MRA–MBK