JAMES M. PEARL (SB# 198481)
jamespearl@paulhastings.com
PAUL HASTINGS LLP
1999 Avenue of the Stars, 27th Floor
Los Angeles, CA 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

DEREK E. WETMORE (SB# 291600)
derekwetmore@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

*Attorneys for Defendants*
*Dave Inc. and Evolve Bank & Trust*

*Additional Counsel for Defendants listed on next page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Russell, Joseph Preston, and James Tosches, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>Dave Inc. and Evolve Bank & Trust,<br><br>Defendants. | CASE NO. 2:25-cv-04029-MRA-MBKx<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND TO CONSIDER DOCUMENTS INCORPORATED BY REFERNCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLASS CLAIMS AND STAY INDIVIDUAL CLAIMS IN FAVOR OF ARBITRATION, OR FOR ALTERNATIVE RELIEF**<br><br>Date:  October 20, 2025<br>Time:  1:30 p.m.<br>Dept.: 9B<br>Judge:  Hon. Mónica Ramírez Almadani<br>Magistrate Judge: Michael B. Kaufman |

*Counsel for Defendants Continued*

ALLYSON BAKER
(*admitted pro hac vice*)
allysonbaker@paulhastings.com
MEREDITH BOYLAN
(*admitted pro hac vice*)
meredithboylan@paulhastings.com
PAUL HASTINGS LLP
2050 M Street, NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

MARGARET SHIELDS
(*admitted pro hac vice*)
margaretshields@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6334
Facsimile: (212) 319 4090

*Attorneys for Defendants
Dave Inc. and Evolve Bank & Trust*

PLEASE TAKE NOTICE, Defendants Dave Inc. ("Dave") and Evolve Bank and Trust ("Evolve") (collectively, "Defendants") hereby request that the Court take judicial notice of or incorporate by reference certain documents submitted in support of its Motion to Dismiss Class Claims and Stay Individual Claims in Favor of Arbitration, or for Alternative Relief ("Motion") in this matter.

Exhibits 1–13 of the Pearl Declaration are true and correct copies of the documents described herein:

1. **Exhibit 1**: Dave Terms of Use dated June 6, 2023.
2. **Exhibit 2**: Dave Terms of Use dated August 9, 2024.
3. **Exhibit 3**: ExtraCash Account Deposit Agreement and Disclosures dated June 6, 2023.
4. **Exhibit 4**: ExtraCash Account Deposit Agreement and Disclosures dated August 9, 2024.
5. **Exhibit 5**: Dave's app sign up screen, including the Notice of Terms of Service, as it existed between March 2022 and January 2024.
6. **Exhibit 6**: Dave's app sign up screen, including the Notice of Terms of Service, as it existed from January 2024 to June 2024.
7. **Exhibit 7**: Dave's app sign up screen, including the Notice of Terms of Service, as it existed from June 2024 to present.
8. **Exhibit 8**: ExtraCash Account statements for Plaintiff Michael Russell.
9. **Exhibit 9**: ExtraCash Account statements for Plaintiff Joseph Preston.
10. **Exhibit 10**: ExtraCash Account statements for Plaintiff James Tosches.
11. **Exhibit 11**: Dave Terms of Use dated July 7, 2025.
12. **Exhibit 12**: ExtraCash Account Deposit Agreement and Disclosures dated April 22, 2025.
13. **Exhibit 13**: ExtraCash Account Fee Schedule dated April 22, 2025.

When deciding a motion to dismiss, courts may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters

of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The incorporation-by-reference doctrine extends to "situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Brand Tarzana Surgical Inst. v. Aetna Life Ins. Co.*, No. CV 18-9434 DSF (AGRx), 2019 U.S. Dist. LEXIS 238511, at *3–4 (C.D. Cal. May 13, 2019) (citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

*First*, courts routinely take notice of or incorporate by reference terms of service and other policies that are referenced in the complaint. *See In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d 1197, 1207 (N.D. Cal. 2014) (incorporating privacy policy referenced in the plaintiffs' complaint); *A.S. v. Selectquote Ins. Servs.*, No. 3:23-cv-02258-RBM-MSB, 2024 U.S. Dist. LEXIS 147918, at *11 (S.D. Cal. Aug. 19, 2024) (incorporating by reference the privacy policy referenced in the complaint). The Complaint references Dave's Terms of Service and the ExtraCash Account Agreement between Evolve and the accountholders. *See, e.g.*, Compl. ¶ 24 (referencing Dave's Terms of Use), ¶ 121 (referencing ExtraCash Account Agreement). Moreover, the Terms of Service and ExtraCash Account Agreement are central to the allegations, which rely on how ExtraCash is described in the Terms of Service and ExtraCash Account Agreement and whether certain disclosures are made in those documents. Accordingly, Exhibits 1 through 4 are incorporated by reference in the Complaint.

|   |   |
|---|---|
| 1 | *Second*, the Complaint alleges that "[t]here is no mechanism available through |
| 2 | Dave's app to sign up for ExtraCash loans without first agreeing to monthly |
| 3 | subscription charges." Compl. ¶ 78; see also ¶¶ 84, 95, 97 (including screenshots |
| 4 | from the app). Because the Complaint refers to and makes allegations regarding |
| 5 | Dave's sign up mechanism, Dave's sign up screen may be incorporated by reference. |
| 6 | *See Laatz v. Zazzle, Inc.*, 682 F. Supp. 3d 791, 804 (N.D. Cal. 2023) (incorporating |
| 7 | by reference screenshots of the sign up page where representations made during sign |
| 8 | up form the basis for the claims). In the alternative, the court could take judicial |
| 9 | notice of these exhibits. *See E. G. Ground Mgmt. v. Ycharts, Inc.*, No. CV 15-00055- |
| 10 | RGK (SSx), 2015 U.S. Dist. LEXIS 190421, at *5 (C.D. Cal. May 8, 2015) (taking |
| 11 | judicial notice of a sign up page where Plaintiff alleged that they opened an account |
| 12 | and maintained a subscription, and claims relied in part on the terms of the |
| 13 | subscription). Therefore, Exhibits 5 through 7, the app flow screens that Plaintiffs |
| 14 | followed to sign up for Dave's membership, are incorporated by reference into the |
| 15 | Complaint. |
| 16 | *Third*, the Complaint refers to and relies on Plaintiffs' transactions to state |
| 17 | Plaintiffs' claims. Compl. ¶ 187–189. Plaintiffs' account statements may therefore |
| 18 | be incorporated by reference. *See Zimmerman v. Cedars-Sinai Med. Ctr.*, No. 5:23- |
| 19 | cv-01124-JLS-SP, 2024 U.S. Dist. LEXIS 29435, at *11 (C.D. Cal. Feb. 18, 2024) |
| 20 | (incorporating by reference account statements, where the plaintiffs' allegations were |
| 21 | based on performance of the account). Exhibits 8 through 10, the ExtraCash Account |
| 22 | statements, are therefore incorporated by reference. |
| 23 | *Fourth*, a court may take judicial notice of the current terms of service, |
| 24 | *Hirlinger v. WP Co. LLC*, No. 23-cv-05963-AMO, 2024 U.S. Dist. LEXIS 102919, |
| 25 | at *6 (N.D. Cal. June 10, 2024) ("[c]ourts routinely take judicial notice of terms of |
| 26 | service."); *Yuksel v. Twitter, Inc.*, No. 22-cv-05415-TSH, 2022 U.S. Dist. LEXIS |
| 27 | 202926, at *6 (N.D. Cal. Nov. 7, 2022) (same). Accordingly, the court may take |
| 28 | judicial notice of Exhibits 11 and 12, which are current versions of the Dave Terms |

of Service and the ExtraCash Account Agreement, which are both publicly available on Dave's website. The court may also take judicial notice of Exhibit 13, the ExtraCash Fee Schedule, which is also publicly available on Dave's website and incorporated into Exhibit 12.

    For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of or incorporate by reference the twelve Exhibits referenced in this Request for Judicial Notice and to Consider Documents Incorporated by Reference, attached to the Pearl Declaration, and cited in Defendants' Motion.

DATED: July 29, 2025                  PAUL HASTINGS LLP

                                      By: /s/ *James M. Pearl*
                                            JAMES M. PEARL

*Attorneys for Defendants*