DEREK E. WETMORE (SB# 291600)
derekwetmore@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

ALLYSON BAKER (*pro hac vice*)
MEREDITH BOYLAN (*pro hac vice*)
allysonbaker@paulhastings.com
meredithboylan@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

MARGARET SHIELDS (*pro hac vice*)
margaretshields@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6334
Facsimile: (212) 319 4090

*Attorneys for Defendants*
*Dave Inc. and Evolve Bank & Trust*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Russell, Joseph Preston, and James Tosches, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>Dave Inc. and Evolve Bank & Trust,<br><br>Defendants. | CASE NO. 2:25-cv-04029-MRA-MBKx<br><br>**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date: December 8, 2025<br>Time: 1:30 p.m.<br>Dept.: 9B<br>Judge: Hon. Mónica Ramírez Almadani<br>Magistrate Judge: Michael B. Kaufman |

Defendants respectfully submit this response to Plaintiffs' Notice of Supplemental Authority (ECF No. 66). Plaintiffs argue that *Revell v. Grant Money*, No. 25-cv-05994-TLT, 2025 U.S. Dist. LEXIS 219239 (N.D. Cal. Nov. 5, 2025) is applicable to the present case, but Dave offers a materially different product and Dave's agreements have a materially different arbitration provision.[1] Grant Money (like the defendant in *Orubo v. Activehours, Inc.*, 780 F. Supp. 3d 927 (N.D. Cal. 2025)) provides non-recourse cash advances; Dave offers a discretionary overdraft service through its bank partner Evolve. *Revell*'s analysis on expedite fees and arbitration is likewise inapplicable to Dave.

*Revell*, like *Orubo*, analyzes whether TILA and MLA apply to non-recourse cash advances. The issue here is different. ExtraCash is a discretionary overdraft service directly analogous to the far more costly overdraft "protection" services offered by large consumer banks, like Chase, which may charge over $30 per overdraft.[2] Regulation Z specifically exempts overdraft fees from the definition of "finance charge." ECF No. 43-1 at 12.

Similarly, *Revell*'s holding regarding express fees does not apply here. The *Revell* court noted "[d]efendants have not shown that the expedite fees here are 'of a type payable in a comparable cash transaction,' which would render them exempt from the 'finance charge' definition." *Revell*, 2025 U.S. Dist. LEXIS 219239, at *34. But Defendants here have shown that Evolve assessed the same optional expedited transfer fees for moving funds between a user's ExtraCash account and the user's external accounts, whether or not the funds being transferred originated as an

---

[1] Courts may disregard improper legal arguments contained in a notice of supplemental authority. *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021). Accordingly, the Court should disregard Plaintiffs' legal arguments here. However, in the event the Court considers them, Defendants have prepared this brief response.

[2] *See, e.g.*, Chase, *What you need to know about overdrafts*, https://www.chase.com/personal/checking/overdraft-services (last accessed Nov. 12, 2025).

overdraft or were funds the user deposited into their ExtraCash account.[3]  ECF No. 44-5 at 92; ECF No. 43-1 at 15 n. 22.  This is the exact situation covered by the comparable cash transaction exemption.  12 C.F.R. § 1026 Supp. I at ¶ 4(a) ("In determining whether an item is a finance charge, the creditor should compare the credit transaction in question with a similar cash transaction.").

*Revell*'s reasoning regarding the availability of arbitration for MLA claims is also inapposite because, unlike the agreement referenced in *Revell*, which explicitly required the court to make a threshold determination of arbitrability, *Revell*, 2025 U.S. Dist. LEXIS 219239, at *40, Dave's agreement contains a delegation clause.  Where an arbitration agreement includes a delegation clause, a court must decide whether a valid contract was formed, but any question of enforceability of the arbitration provision is delegated to the arbitrator.  *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030, 1034 (9th Cir. 2022) (noting that the question of enforceability should be delegated to an arbitrator where defendants challenged the arbitration clause because of a statute that protected Chickasaw Nation's right of recovery in federal court).  The MLA, if it applies, renders certain arbitration agreements unenforceable, 10 U.S.C. § 987(f)(4).  A question of its applicability is a question of enforceability, not of contract formation.  Therefore, unlike in *Revell*, the court here must leave the issue of arbitrability to the arbitrator.

Lastly, *Revell* adopts the mistaken reasoning in *Moss v. Cleo AI Inc.*, Case No. 2:25-cv-00879-MLP, 2025 WL 2592265, at *5 (W.D. Wash. Sept. 8, 2025), that *Espin v. Citibank, N.A.*, 126 F.4th 1010, 1014–15 (4th Cir. 2025) does not control to force arbitration of non-MLA claims because the MLA and TILA claims are "inextricably linked."  But *Espin* is directly on point because the *Espin* court ordered non-MLA claims to arbitration even though there was only one class of military members alleging both MLA and TILA claims.  *See* ECF No. 52 at 17 n. 16.

---

[3] Currently, users are able to instantly spend ExtraCash funds via their Dave checking account or Dave debit card without paying a fee.  Users may also transfer funds from their Dave checking account to an external bank account via ACH for no fee, or to an external debit card for a fee.

Because of these material differences, and the *Revell* court's adoption of *Orubo*'s flawed reasoning, the Court should not rely on *Revell*.

Dated November 18, 2025                                     Respectfully submitted.

By: /s/ *Derek E. Wetmore*
Derek E. Wetmore

DEREK E. WETMORE (SB# 291600)
derekwetmore@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

ALLYSON B. BAKER (*pro hac vice*)
MEREDITH L. BOYLAN (*pro hac vice*)
allysonbaker@paulhastings.com
meredithboylan@paulhastings.com
PAUL HASTINGS LLP
2050 M Street, NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

MARGARET SHIELDS (*pro hac vice*)
margaretshields@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6334
Facsimile: (212) 319 4090